Opinion of the court upon a re-hearing.
Judge Robertson,
delivered the opinion of the Court.
This case had been argued before our predecessors. who had not decided it. It was submitted to us, without argument. After the opinion was delivered, it was suggested by the counsel, that it had been admitted on the hearing before the former judges, that Cole and O’Harra owned the land through which a part of the road Passed. And thereupon the court, at the instance of the counsel for Cole, and O’Harra, directed a re-hear-jog. The only question which was to be considered on ve-hearing, and of course the only one which is now to be decided, is, whether the owner of the land through which a public road passess, can prosecute a wr¡(- 0f error? or an appeal to reverse an order of a county court, discontinuing the road.
It was our opinion before, that simply owning the land, does not vest in the owner such a franchise 05-freehold in the road, as to authorize him to become a party in this court, for the purpose of setting aside an order for its occlusion.
That opinion remains unchanged, as was intimated in the former opinion, it is not the degree, but the kind of interest which entitles a person to prosecute a writ of error.
The interest which the owner of the land has, in a public highway, passing through it, is of no other kind, than that which, every citizen may claim. The road is established for the public convenience. One man has as much x-i'ght to use it as another. And the rights of all are precisely the same; and therefore, although one may use it more than another, or may be more benefited by its use, the interest of all, is the same in quality.
If one can prosecute a writ o.f error, therefore, another,has an equal right to do it.
Owning the land through which a public road passes, gives to the owner no exclusive or peculiar right $o the road.
*221 The road may be very advantageous to him, and furnish facilities, which may greatly enhance the value of his land, so may the contiguity or proximity of highway, or bridge or ferry to the land of an individual, increase the value of the land, and therefore its discontinuance may subject him, to inconvenience and loss. His interest in the road, or bridge or ferry, vyould be greater in quantity, than that of an individual, who owned no lands, so one who makes frequent use of a privilege granted to the public, may be considered, as possessing a greater degree of interest than another, who, although he has an equal right, do,es not make the same, or any use of his privilege.
In all these cases, the interest of all the persons, who have been designated, would be the same in kind, although very different in degree. Any one or none of them, therefore may complain to this court. It is admitted, that one, who owns no land, through which the road runs, can not complain. Hence, Cole and O.’Harra, cannot appeal in this case. The road did not belong to them. They had no franchise in it. They had no other right to it, than that which was common to all others.
An individual, through whose land a road may have been established, may prosecute a writ of error, to reverse the order, establishing it: because, by its establishment, he is deprived of the use of the land, over which it passes. And therefore he is divested of an exclusive and vested interest, in his freehold.
But one who desires a road to be established, to run through his land, cannot procure the reversal of an order, overruling his motion, to establish it; because the refusal dqes not take from him, any right,' It would seem, to result therefore, if there were no other reason for it, that he could not ask the reversal of an order, discontinuing a road through his land. If he can have no right to have it established, he can have none to prevent its discontinuance. The public convenience must be consulted. And the common will, represented by the county court, must prevail, over individual advantages, and wishes. The advantages which any one derives from a highway, are adventitious. The duration of their enjoyment, depends on *222 the continuance, or discontinuance of the road, and this depends, not on the will or interest of an individual; but on the common good, and public sentiment. If any individual could be vested, with any right to a road as a franchise or freehold, he might be entitled to a reversal of an order for its discontinue anee. But the appellants,, have no such right.
Wherefore the former opinion, must remain unalter.’, ed,